# EXHIBIT A

**PRINCE GEORGE'S COUNTY CIRCUIT COURT**
Courthouse in Upper Marlboro, Maryland

MARYAH REED
6801 McCormick Drive
Upper Marlboro, MD 20772

      Plaintiff,

v.                              Case No. C-16-CV-24-000645

EQUIFAX INFO. SVCS. LLC
c/o CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820
Baltimore, MD 21202

      Defendant,

EXPERIAN INFO. SOLS. INC.
c/o Corporation Trust Incorporated
2405 York Rd #201
Lutherville Timonium, MD 21093

      Defendant,

TRANS UNION, LLC
c/o CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820
Baltimore, MD 21202

      Defendant,

VERIZON COMMUNICATIONS
c/o Corporation Trust Incorporated
2405 York Rd #201
Lutherville Timonium, MD 21093

      Defendant,

SOUTHWEST CREDIT SYSTEMS, L.P.
c/o Corporation Trust Incorporated
2405 York Rd #201
Lutherville Timonium, MD 21093

      Defendant.

---

**COMPLAINT AND JURY DEMAND**

1

COMES NOW, Plaintiff, Maryhah Reed, files suit against defendants Equifax Information Services, Llc ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), Verizon Communications, Inc. ("Verizon") and Southwest Credit Systems, L.P. ("SWCS"), and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1692 ("FDCPA"), 15 U.S.C. § 1681 ("FCRA"), Md. Code Ann., Com. Law §§ 14-202 and 13-301, and the common law tort of defamation.

## PARTIES TO THIS ACTION

2.      Plaintiff is a natural person who resides in the state of Maryland.

3.      Equifax, Experian and Trans Union are "consumer reporting agencies," ("CRA") as defined in 15 U.S.C. § 1681a(f) for it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and obtains monetary fees for these services.

4.      Verizon is one of the largest telephone companies in the world.

5.      SWCS is a "debt collector" as defined in 15 U.S.C. § 1692a(6) for they regularly collect on debts that were purportedly defaulted on to another creditor and they use the mail and/or phone to collect on those debts.

## FACTUAL ALLEGATIONS

6.      Ms. Reed obtained her three credit reports from the CRAs and found several inaccuracies in each of her reports.

### *Capital One Account*

7.      The first inaccuracy is a Capital One account that is misleading because it has incomplete information. Omitted from this tradeline are at least three items: (i) any payment history

2

for the account, (ii) the full account number is not being reported, and (iii) mitigating circumstances for the non-payment.

8.      As for the mitigating circumstances, prior to the account being charged off, Ms. Reed offered to make payments under a payment plan but Capital One ignored her request and never provided a response.

### *Verizon Collection*

9.      The second inaccuracy is a Verizon account.

10.     Ms. Reed visited a Verizon store and attempted to purchase an iPhone.

11.     However, the purchase was not completed due to error or some other reason that was provided by the Verizon salesperson.

12.     By mistake or malice, Verizon charged Ms. Reed as if she opened an account.

13.     Because there was no account that was legitimately opened, Verizon did not have contact information for Ms. Reed and did not send her any bills.

14.     Therefore, Ms. Reed did not know that a mistake or fraud had occurred until she reviewed her credit report and observed that there was a collection account.

15.     Ms. Reed was forced to pay the fraudulent Verizon debt as a condition to being approved for an apartment lease.

### *SWCS Collections*

16.     The third and fourth inaccuracies are two SWCS collections that are appearing on Plaintiff's report with Trans Union only.

17.     Like the Verizon account, Ms. Reed did not owe this debt but paid the debt to qualify for a credit application.

18.     Not only is the collection inaccurate, but SWCS and Trans Union are reporting this collection twice—as duplicates.

19.     Additionally, the collection is being reported as open when it is closed and that the debt was paid in full for less than the full balance when it was actually overpaid—fully paid twice.

### *Illegal Inquiries*

20.     On Plaintiff's Equifax report are two unauthorized inquiries from Comenity Bank and TD Bank / Target.

21.     The inquiries were not done for a permissible purpose because (i) Ms. Reed did not apply for credit with Comenity Bank or TD Bank/Target, (ii) she does not have an account with either company so neither company could not have obtained her report for an account review, and (iii) the companies did not make a firm offer of credit to her, so they could not have obtained her reports for a promotional inquiry.

22.     Plaintiff's reports with Experian and Trans Union list an unauthorized inquiry from JPMCB Card.

23.     The inquiry was not done for a permissible purpose because (i) Ms. Reed did not apply for credit with JPMorgan Chase Bank, (ii) she does not have an account with JPMCB, so it could not have obtained her report for an account review, and (iii) JPMCB did not make a firm offer of credit to her, so it could not have obtained her reports for a promotional inquiry.

### *Credit Disputes*

24.     Ms. Reed has disputed the debts and/or inquiries identified in paragraphs 7 through 23 with each of the respective CRAs, but the CRAs did not investigate her dispute.

25.     Instead of doing an investigation, the CRAs translated Ms. Reed's dispute letter(s) into an electronic dispute form that they forwarded to the furnishers of the disputed information.

26.     However, the CRAs did not forward Ms. Reed's dispute of the inquiries to the furnishers of that information.

27.     Capital One and Verizon received notice of Ms. Reed's dispute from all three CRAs.

28.   SWCS received notice of Ms. Reed's dispute from Trans Union.

29.   After receiving the dispute from the CRAs, the furnisher defendants—which include Capital One, Verizon and SWCS—did not check to make sure that the information was accurate.

30.   Instead, the furnisher defendants checked to make sure the CRAs were reporting the information just as they had previously provided to them.

31.   When the CRAs forwarded Ms. Reed's dispute to the furnisher defendants, the CRAs did not require that the furnisher defendants verify the information was accurate.

32.   Notwithstanding the CRAs' knowledge that the furnisher defendants did not verify the disputed information was accurate, the CRAs accepted the furnisher defendants incredulous claim that they had verified the accuracy of the disputed information.

33.   SWCS is an extremely unreliable source of information and Trans Union knows this because it receives much more disputes from SWCS and other debt collectors than it receives disputes from its more reliable sources of information. Nonetheless, Trans Union uses the same procedures for accepting and reporting information that is supplied by unreliable debt collectors, such as SWCS, as it does for accepting and reporting information from proven reliable furnishers.

### *Loss Credit Opportunity and Emotional Distress*

34.   The CRAs sold several reports to third parties, including JPMorgan Chase Bank, Navy Federal Credit Union, CitiBank, Comenity and TD Bank.

35.   These credit reports contained the inaccurate Capital One, Verizon and SWCS debts.

36.   Due to the inaccuracies in her credit reports, Ms. Reed has been unable to obtain or deterred from applying for credit.

37.   Additionally, emotional distress has accrued from her unsuccessful endeavors to correct her report and restore her good name.

## COUNT ONE: VIOLATIONS OF FDCPA

38.     Plaintiff incorporates the preceding allegations by reference.

39.     Defendant SWCS violated FDCPA, 15 U.S.C. §§ 1692e and 1692f by:

    a.     collecting a debt from Plaintiff that was not owed;

    b.     falsely claiming that it obtained the debt from a creditor of the Plaintiff; and

    c.     reporting derogatory information to the CRAs that it knew was false.

40.     Defendant SWCS' violations ruined Plaintiff's credit and prevented her from obtaining credit and/or dissuaded her from applying for credit, and Plaintiff suffered and continues to suffer from stress that is attendant with coping with the credit damage and attempts to have the erroneous information removed or corrected.

41.     Defendant SWCS' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT TWO: VIOLATION(S) OF MCDCA

42.     Plaintiff incorporates the preceding allegations by reference.

43.     Defendant SWCS violated Md. Code Ann., Com Law § 14-202(11) by violating the FDCPA as described in paragraphs 38 thru 40.

44.     Defendant Verizon violated Md. Code Ann., Com Law § 14-202(8) by claiming the Plaintiff owed money on an account that Verizon knew was not legitimate, see paragraphs 9 thru 15.

45.     As a result of Defendants' foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

46.     Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages pursuant to Com Law § 14-203.

6

## COUNT THREE: VIOLATION(S) OF MCPA

47.     Plaintiff incorporates the preceding allegations by reference.

48.     Defendant SWCS violated the MCPA, Md. Code Ann., Com Law § 13-301(14)(iii) when they violated the MCDCA.

49.     Defendant Verizon violated the MCPA, Md. Code Ann., Com Law § 13-301(14)(iii) when Verizon violated the MCDCA.

50.     As a result of Defendants' foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

51.     Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages and attorney's fee pursuant to Com Law §§ 13-408(a)-(b).

## COUNT FOUR: VIOLATIONS OF FCRA

52.     Plaintiff incorporates the preceding allegations by reference.

53.     The Furnisher Defendants violated 15 U.S.C. §§ 1692s-2(b)(1)-(5) by:

    a.     failing to conduct a proper and reasonable investigation of Plaintiff's dispute(s);

    b.     ignoring Plaintiff's dispute letter which was forwarded by CRAs to them;

    c.     falsely reporting to the CRAs that the disputed information was verified; and

    d.     failing to modify or delete inaccurate, incomplete or unverifiable information that was disputed by Plaintiff.

54.     The CRA Defendants violated FCRA, 15 U.S.C. § 1681e(a) by failing to implement and/or employ reasonable procedures to safeguard Plaintiff's personal financial and credit information and releasing her credit reports to third parties that did not have a legitimate need or purpose to review her credit report.

55.     The CRA Defendants violated 15 U.S.C. § 1681e(b) by:

    a.     failing to use reasonable procedures to report maximum accurate information;

b.   blindly relying on an unreliable source of information in their preparation and
furnishing of credit reports; and

c.   ignoring information from sources other than the furnisher, such as information
from the consumer or other CRAs, during their preparation and furnishing of
credit reports.

56.   The CRA Defendants violated FCRA, 15 U.S.C. § 1681i(a) by:

a.   failing to conduct a reasonable investigation of Plaintiff's dispute;

b.   failing to consider all the relevant information in Plaintiff's dispute; and

c.   failing to delete inaccurate or incomplete or unverified information.

57.   Defendants' violations ruined Plaintiff's credit and prevented her from obtaining
credit and/or dissuaded him from applying for credit, and Plaintiff suffered and suffers from stress
due to the distress that is attendant with coping with the credit damage and endeavoring to have the
erroneous information removed or corrected.

58.   Defendants' violations were the result of an intentional policy to short-circuit their
responsibilities of the FCRA for the sake of saving money on investigating credit disputes

59.   Plaintiff seeks an award of actual damages in amount over $100,000 and an award of
$5,000 in statutory damages for Defendants' violations under the FCRA, and an additional punitive
damages award of up to ten times his actual damages award or up to 100 times his statutory damages.

**COUNT FIVE: DEFAMATION**

60.   Plaintiff incorporates the preceding allegations by reference.

61.   All of the Defendants knew they were reporting false information because Plaintiff
notified the Defendants that they were reporting false information.

62.   Defendants' reporting constituted defamatory statements as the reportings were
injurious to Plaintiff's financial profile, credit profile and employment profile.

63.   Defendants knew that their false reporting would cause Plaintiff to be denied credit.

8

64.     Defendants' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to her financial reputation, loss of credit opportunity and emotional and mental distress.

65.     Plaintiff is entitled to actual and punitive damages for Defendants' defamation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment separately against each Defendant for actual, statutory damages and punitive damages in amounts to be decided by the jury, and for attorney fees and costs in an amount to be decided by the Court.

Respectfully submitted,

Maryah Reed
Pro Se Plaintiff
6801 McCormick Drive
Upper Marlboro, MD 20772
(202) 641-5286
mreed1186@gmail.com